UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON WALKER,

                     Petitioner,           Case No. 2:19-cv-11806
                                                          Hon. Terrence G. Berg
v.

WARDEN,

                     Respondent.
_____/

# OPINION AND ORDER SUMMARILY DENYING PETITION FOR A WRIT OF HABEAS CORPUS

Brandon Walker ("Petitioner") is presently confined at the Federal Correctional Institution in Terre Haute, Indiana. Prior to his September 2019 transfer, and at the time Petitioner filed this habeas petition, Petitioner was confined at the Federal Correctional Institution in Milan, Michigan. He filed his threadbare petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Southern District of Illinois. The case was transferred to this Court. Though he has since been relocated to Indiana, the order transferring the petition to this court stated that venue was proper in this district because it is possible (but unclear given the threadbare § 2241 Petition) that he is also challenging a federal conviction imposed by this district. ECF No. 3, PageID.15; *see also* 28

U.S.C. § 1406(a) (stating that venue is proper in any court where the action could have been brought at the time it was filed). The petition indicates that Petitioner is challenging something that occurred in a criminal case filed in the Cook County Circuit Court in Illinois. The petition does not state any substantive claims for relief.

Federal courts can dismiss a habeas petition that is legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. See *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). A habeas petition may be summarily dismissed where the allegations are vague or conclusory. *Blackledge v. Allison*, 431 U.S. 63, 76 (1977). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the Petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (internal citations omitted). See also *Perez*, 157 F. Supp. at 796 ("A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed.").

Other than an incomplete reference to a Cook County criminal docket number, Petitioner's filing does not indicate the conviction

Petitioner seeks to attack, nor does it state any grounds for relief. The petition is therefore subject to summary dismissal without prejudice.

Finally, Petitioner is not entitled to a certificate of appealability because he has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). He is not entitled to permission to appeal in forma pauperis because any appeal would be frivolous. 28 U.S.C. § 1915(a)(3).

Accordingly, the Court 1) summarily **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus, 2) **DENIES** a certificate of appealability, and 3) **DENIES** permission to appeal in forma pauperis.

**SO ORDERED**.

DATED this 28th day of October, 2019.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge